UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————

№ 20-CV-5839 (EK) (RER)

————————

LIBERTY MUTUAL FIRE INSURANCE CO.,

Plaintiff,

VERSUS

CITIMORTGAGE, INC., ET AL.,

Defendants.

————————

**REPORT & RECOMMENDATION**

July 21, 2022

————————

**TO THE HONORABLE ERIC KOMITEE**
**UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Liberty Mutual Fire Insurance Co. ("Liberty Mutual" or "Plaintiff") commenced this interpleader action against several competing claimants to insurance policy proceeds in December 2020. (ECF No. 1 ("Compl.")). Currently before the Court is Plaintiff's motion for default judgment against two of those claimants, Legacy Management Capital LLC ("Legacy Management") and Andrew G. Neal, Esq., ("Neal") (together, the "Defaulting Defendants"), for interpleader relief, and for attorney's fees. (ECF No. 27 ("Mot. for Default J., Interpleader Relief, and Fees")). Your Honor referred the motion to me for report and recommendation on January 14, 2022. (ECF No. 31 ("Order")). For the reasons set forth herein, I respectfully recommend that Your Honor deny the motion in its entirety.

1

## BACKGROUND

In September 2014, a property in Rosedale, NY sustained fire damage. (ECF No. 16 ("Am. Compl.") ¶ 14). At the time of the fire, the property was covered under an insurance policy issued by Liberty Mutual to Joshua Yohay and Kim Ramlochan, with Citibank Mortgage, Inc. ("CitiMortgage") listed as an additional insured under the policy's mortgagee clause. (*Id.* ¶¶ 14–15). Following the fire, Liberty Mutual assessed the insurance benefit owed from fire damage as $91,154.31, including a $1,000 deductible. (*Id.* ¶ 18). Yohay submitted a claim to Liberty Mutual after the fire, which was subsequently denied in July 2015. (*Id.* ¶ 16).

Following Liberty Mutual's denial of Yohay's claim, several claims were filed against the property.[1] In June 2018, Legacy Management filed a UCC-1 lien against the property. (*Id.* ¶ 20). In August 2018, the City of New York filed a lien for unpaid taxes against the property (Compl. ¶ 21), which was subsequently sold or assigned to NYCTL 2018-A Trust and Bank of New York Mellon as Collateral Agent and Custodian. ("NYCTL Trust") (Am. Compl. ¶ 21). In July 2019, Neal filed a *lis pendens* against the property. (*Id.* ¶ 22). Finally, in July 2020, CitiMortgage's agent, Cenlar FSB ("Cenlar"), submitted a claim under the mortgagee clause of the insurance policy. (*Id.* ¶¶ 6, 17; *see also* ECF. No. 21 ("Answer to Am. Compl.") ¶¶ 6, 17).

In December 2020, Liberty Mutual filed this interpleader action accepting liability for $90,154.31 in insurance proceeds, naming CitiMortgage, Cenlar, Legacy Management, and Neal

---

[1] In December 2014, The United States Attorney's Office for the Eastern District of New York filed a lien in the amount of $1,196,445.00 against the premises resulting from unpaid restitution damages from a previous criminal judgment against Ramlochan on wire fraud conspiracy charges. (Am. Compl. ¶ 19), *see also* ECF No. 352, Amended Judgment, *United States v. Ramlochan*, 1:11-CR-00449 (E.D.N.Y. July. 12, 2021)).

The City of New York filed a lien for unpaid taxes against the premises, which was subsequently sold or assigned to NYCTL Trust. (Am. Compl. ¶ 21). The United States (without prejudice) and the City of New York (with prejudice) have been voluntarily dismissed from this case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (ECF No. 20 ("Stipulation of Dismissal by United States of America"); ECF No. 15 ("Stipulation of Dismissal as to the City of New York ONLY")).

as claimant defendants, and requesting the Court adjudicate their competing claims. (Compl. at 3–5). The following month, Liberty Mutual amended its complaint to name NYCTL Trust as a claimant defendant. (Am. Compl. ¶¶ 27, 31). A summons was issued as to NYCTL Trust (ECF No. 18), but was never served. Liberty Mutual has since indicated in its attorney's affidavit that the Trust "has not been served and is not a party to this action as its claim has been resolved by CitiMortgage's payment of the tax lien." (ECF No. 27-1 ("Farquharson Aff.") ¶ 6).

After being properly served, both Legacy Management and Neal failed to appear. (ECF Nos. 22, 24). Accordingly, Liberty Mutual requested that the Clerk of the Court enter default as to those two defendants on May 27, 2021. (ECF No. 25). The Clerk of the Court subsequently entered default on June 4, 2021. (ECF No. 26). On June 15, 2021, Liberty Mutual filed the instant motion, requesting that the Court: (1) enter default judgment against Legacy Management and Neal, thereby extinguishing their claim to the insurance proceeds; (2) discharge Liberty Mutual upon deposit of the insurance benefit; and (3) award Liberty Mutual attorney's fees and costs incurred in bringing this interpleader action. (Mot. for Default J., Interpleader Relief, and Fees). Liberty Mutual filed a letter to supplement its request for attorney's fees (ECF No. 35 ("Attorney's Fees Letter")), but has not otherwise filed a memorandum of law in support of the motion.

## DISCUSSION

I. <u>Default Judgment</u>

Rule 55 imposes a "two-step process for obtaining default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, where a party's failure to respond is "shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, the plaintiff must petition the court for an entry of default judgment pursuant to Rule 55(b)(2). *See Priestley*, 647 F.3d at 505.

In interpleader actions, "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Hawkins v. Boyd*, No. 16-CV-1592 (FB) (RML), 2016 WL 7626577, at *4 (E.D.N.Y. Nov. 18, 2016) (quoting *Metro Life Ins. Co. v. Little*, No. 13-CV-1059, 2013 WL 4495684, at *2 (E.D.N.Y. Aug. 17, 2013)); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *see also New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983) (explaining that default judgment against non-appearing interpleader defendants "merely expedited" adjudication).

Nevertheless, the decision to grant default judgment remains in the "sound discretion of the trial court." *Wells Fargo Bank, N.A. v. Krenzen Auto Inc.*, No. 19-CV-5329 (PKC) (RER), 2021 WL 695122, at *3 (quoting *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007)). Moreover, default judgment "must remain a weapon of last, rather than first, resort." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 54 (E.D.N.Y. 2008) (quoting *Meehan v. Snow*, 652 F.2d 274, 277 (2d. Cir. 1981)).

II.  Plaintiff's Motion Violates Local Rules 7.1 and 55.2(b)

Local Civil Rule 7.1 provides that, except for letter-motions, "all motions shall include . . . [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion[.]" Loc. Civ. R. 7.1(a)(2). "The absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying Plaintiff's motion." *Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (citing *Cardoza v. Mango King Farmers Market Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), *adopted by* 2015 WL 5561180 (E.D.N.Y. Sept. 21,

4

2015)). An affidavit "does not function as a memorandum of law[,]" especially when it lacks citations to legal authority. *Burbon v. Needlepaint LLC*, No. 21-CV-1678 (EK) (RER), 2022 U.S. Dist. LEXIS 63467, at *8 (E.D.N.Y. Apr. 5, 2022).

Liberty Mutual has not submitted a memorandum of law in support of its motion, in violation of Local Rule 7.1. Local Rules mandate strict adherence, and "failure to comply with the local rule requiring [plaintiff] to submit a memorandum of law" is sufficient justification for entirely denying a plaintiff's motion. *Lanzafame v. Dana Restoration, Inc.*, No. 09-CV-0873 (ENV) (JO), 2010 WL 6267657, at *7 (E.D.N.Y. Aug. 12, 2010), *adopted by* 2011 WL 1100111 (Mar. 22, 2011); *see also Woo Hee Cho v. Oquendo*, No. 16-CV-4811 (MKB), 2018 WL 9945701, *1 n.2 (E.D.N.Y. Aug. 25, 2018) (denying motion for default judgment for failure to file memorandum of law); *Burbon*, 2022 U.S. Dist. LEXIS 63467, at *8 (same); *Sarwar v. James Motel, Inc.*, No. 21-CV-27 (EK) (RER), 2022 U.S. Dist. LEXIS 100892, at *9 (E.D.N.Y. June 6, 2022) (same). Here, Liberty Mutual submitted an affidavit in support of its motion for default judgment which contains no citations to legal authority, and submitted a letter in support of its request for attorney's fees. (Farquharson Aff.; Attorney's Fees Letter). Neither of these filings replace the memorandum of law required by Local Rule 7.1.

Furthermore, Local Civil Rule 55.2(b) mandates that a party requesting default judgment supplement their application with "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Loc. Civ. R. 55.2(b). District courts may deny a party's request in its entirety for failure to comply with this rule. *See Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying motion for default judgment for, *inter alia*, plaintiff's failure to submit copy of Clerk's certificate of default); *see also Century Sur. Co. v. Atweek, Inc.*, No. 16-

5

CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (noting that "[a] motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules" and denying default judgment where plaintiff "did not include a memorandum of law; a copy of a claim to which no response has been made; and a proposed form of default judgment").

Liberty Mutual has not submitted a proposed form of default judgment, in violation of Local Civil Rule 55.2(b). Failure to comply with the requirements for default judgment may result in the court wholly denying plaintiff's requests. *See Burbon*, 2022 U.S. Dist. LEXIS 63467, at *8. While the court has broad discretion to overlook procedural deficiencies, courts routinely deny motions for procedural noncompliance. *See Falls Lake Nat'l Ins. Co. v. DNA Plumbing Contractors, Inc.*, No. 20-CV-2798 (RJD) (RER), 2021 WL 3518279, at *4 (E.D.N.Y. May 4, 2021); *United States v. Hamilton*, No. 18- CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019), *adopted by* 2019 WL 6828276 (Dec. 13, 2019) ("Indeed, courts in the Eastern and Southern Districts regularly deny such motions [for default judgment] when strict procedural compliance is lacking.").

Accordingly, I respectfully recommend the Plaintiff's motion be denied in its entirety for failure to comply with Local Rules 7.1 and 55.2(b).

III.  Plaintiff Has Failed to Serve All Potential Claimants

"Interpleader is a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible *res* or fund of money (the 'stakeholder') to join in a single suit two or more 'claimants' asserting mutually exclusive claims to that stake." *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 472 (E.D.N.Y. 2019) (quoting 4 James Wm. Moore et al., Moore's Federal Practice 22.02(1) (3d ed. 2019)). In

6

order to obtain interpleader relief, a stakeholder must ensure that all of the potential claimants are joined in the action. *See Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, No. 18-CV-3293 (SJB), 2019 WL 3850030, at *2, 2 n.4 (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1332 n.37 (11th Cir. 2012)) (noting where a named defendant was never properly served that that "[w]ithout all of the potential claimants," an "interpleader action cannot proceed."); *see also Allstate Indem. Co. v. Collura,* No. 15-CV-5047 (JS) (AKT), 2017 WL 1076328, at *4 n.7 (E.D.N.Y. Mar. 22, 2017), *modified on reconsideration,* 2018 WL 718398 (Feb. 5, 2018) (finding the United States to be an indispensable party under Rule 19(b) in an interpleader action where "the purpose of this proceeding is to adjudicate the competing claims to the insurance proceeds, and the United States has asserted a claim to the proceeds, [and where] allowing the case to proceed without the United States would be prejudicial to its claims and such prejudice could not be alleviated")

Here, Plaintiff has not demonstrated that the NYCTL Trust, an indispensable party, was properly served. While a summons has been issued (ECF No. 18), the summons was not returned to the Court to indicate that service of process was attempted or effectuated. Liberty Mutual concedes that the NYCTL Trust "has not been served" but indicates that it "is not a party to this action as its claim has been resolved by CitiMortgage's payment of the tax lien." (Farquharson Aff. ¶ 6). Despite Plaintiff's assertion in its affidavit, Plaintiff specifically amended its complaint to add NYCTL Trust as a party (Am. Compl.), and specifically filed a stipulation of dismissal "as to City of New York *ONLY*" which does not purport resolve the Trust's claims to the proceeds at issue here. (ECF No. 15). Indeed, there is no evidence available to the Court to verify that the Trust's "claim has been resolved" besides Plaintiff's counsel's *ipse dixit*. Consequently, even if Plaintiff had properly followed the Local Rules with respect to its motion, and even if interpleader

7

jurisdiction were available, the Court would not be able to grant Plaintiff interpleader relief until NYCTL Trust is properly joined to the action. Accordingly, I respectfully recommend that Your Honor order Plaintiff to properly serve NYCTL Trust or file an executed stipulation of voluntary dismissal as to NYCTL Trust pursuant to Rule 41 before seeking further relief from the Court.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Your Honor deny Plaintiff's motion for default judgment, interpleader relief, and attorney's fees. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric Komitee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

/s/ Ramon E. Reyes, Jr.

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: July 21, 2022
Brooklyn, NY