```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

LIBERTY MUTUAL FIRE INSURANCE CO.,

                 Plaintiff,              MEMORANDUM & ORDER
                                         20-CV-5839(EK)(RER)
         -against-

CITIMORTGAGE, Inc., et al.,

                 Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Liberty Mutual Fire Insurance Company brought this interpleader action against several claimants to insurance policy proceeds in December 2020. Compl., ECF No. 1. Liberty Mutual has deposited the proceeds with the Court, and wants to be dismissed from the case and discharged from any liability related to the insurance policy at issue. Liberty Mutual now moves for default judgment, interpleader relief, and attorney's fees. ECF No. 27. I referred that motion to Magistrate Judge Ramon Reyes for report and recommendation ("R&R"). ECF No. 31. In an R&R dated July 21, 2022, Magistrate Judge Reyes recommended that I deny Plaintiff's motion because it does not comply with Local Civil Rules 7.1 and 55.2(b). R&R

5-6, ECF No. 37.[1]  Plaintiff filed timely objections.  Pl.'s Objections, ECF No. 40 ("Obj.").  After review of the R&R, Plaintiff's objections, and the fuller record, I adopt the recommendation in its entirety and deny Plaintiff's motion with leave to renew.

## I. Legal Standard on Review of Report & Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court reviews *de novo* those portions of an R&R to which a party has specifically objected.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).

## II. Discussion

I adopt in full the recommendation that Plaintiff's motion be denied for failure to comply with this District's Local Civil Rules.  Liberty Mutual does not, anywhere in its "Objections," actually assert that this recommendation was the product of a legal or factual mistake.  Instead, it simply notes

---

[1] Page numbers in citations to record documents other than deposition transcripts refer to ECF pagination.

that the Court has "discretion to excuse a failure" to comply with local rules, and that the omission to file a memorandum of law should be excused because "the facts are uncontested" and "the legal issues are straightforward" here.  Obj. 2-3.  This is not a valid basis on which to reject the R&R's recommendation on this point.

Accordingly, and for the reasons stated in the R&R, I deny Plaintiff's motion in its entirety.  This denial is "without prejudice to renew," as Liberty asks me (in the alternative) to do.  *Id*.  Plaintiff is to refile the motion, on or before October 27, 2022, in a manner that comports with this District's Local Rules in full – including, without limitation, with Rules 7.1 and 55.2(b).  Plaintiff is hereby warned that another failure to comply with applicable law or rules will result in the denial of the motion without leave to renew.

Liberty Mutual advises that it has now filed a stipulation of dismissal against NYCTL Trust, as recommended in the R&R, on July 28, 2022 (*see* ECF No. 39).  Thus, I need not decide the second of the R&R's recommendations – that I order Liberty Mutual to effectuate proper service on defendant NYCTL Trust, or alternatively to file a stipulation of dismissal against it.  *See* R&R 7-8.

Lastly, I note that the R&R and Plaintiff's Objections refer to one defendant by different names – the R&R as "Legacy

3

Management Capital LLC," and the Objections as "Legacy Asset Management Capital, LLC."  R&R 1; Obj. 1.  Plaintiff is directed to set out the correct name for this entity in any renewed motion, and to indicate the basis for that choice.

### III. Conclusion

Plaintiff's motion for default judgment, interpleader relief, and attorney's fees is denied with leave to renew on or before October 27, 2022.

SO ORDERED.

       /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 27, 2022
        Brooklyn, New York