# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

№ 20-CV-5839 (EK) (RER)

————————————

LIBERTY MUTUAL FIRE INSURANCE CO.,

Plaintiff,

VERSUS

CITIMORTGAGE, INC., *ET AL.*,

Defendants.

————————

**REPORT & RECOMMENDATION**

May 3, 2023

————————

**TO THE HONORABLE ERIC KOMITEE**
**UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Liberty Mutual Fire Insurance Co. ("Liberty Mutual" or "Plaintiff") commenced this interpleader action against several competing claimants to insurance policy proceeds in December 2020. (ECF No. 1 ("Compl.")). Pending before the Court is Plaintiff's Second Motion for Default Judgment (the "Motion") against defendants Legacy Asset Management Capital LLC ("Legacy") and Andrew G. Neal, Esq. ("Neal") (collectively, the "Defaulting Defendants"), seeking interpleader relief and attorneys' fees. (ECF No. 43 ("Second Mot. for Default J.")). Your Honor referred the Motion to me for report and recommendation. (Order dated 10/20/2022). After

1

carefully reviewing the record, for the reasons set forth herein, I respectfully recommend that the Motion be denied in its entirety.[*]

## **DISCUSSION**

### I. Brief Background

Given Your Honor's familiarity with the factual background and procedural history, I will dispense with a protracted recitation of each. Suffice it to say, this is Liberty Mutual's second attempt to secure a default judgment against Legacy and Neal. On September 27, 2022, Your Honor adopted my report that recommended Plaintiff's first motion for default judgment against Legacy and Neal be denied for failure to comply with Local Civil Rules 7.1 and 55.2(b). (ECF Nos. 42 (Order adopting report and recommendation); *see also* ECF No. 37 (report and recommendation)). Unfortunately, Liberty Mutual's failure to comply with the Local Rules continues, and their second motion for default judgment should be denied as well.

### II. Liberty Mutual Has Not Complied with Local Civil Rule 55.2(c)

Where the moving party is represented by counsel, a motion for default judgment will not be granted, "unless the party making that motion adheres to certain local and individual rules." *Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21-CV-6809 (AMD) (RER), 2022 WL 18151927, at *7 (E.D.N.Y. Dec. 14, 2022), *adopted by* 2023 WL 130835 (Jan. 3, 2023) (citing *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y Nov. 24, 2015)); *see also Contino v. U.S.*, 535 F.3d 124, 126 (2d. Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.").

---

[*] Kevin Mullane, a rising third-year student at Maurice A. Deane School of Law at Hofstra University and an intern in my Chambers, provided substantial assistance in researching and drafting this Report and Recommendation.

Motions filed in the Eastern District of New York must comply with Local Rule 55.2(c). Failure to comply with Rule 55.2(c) frequently results in denial of motions for default judgment. *E.g., United States v. Hamilton,* No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *3 (E.D.N.Y. Nov. 26, 2019) (denying a default judgment motion for failure to provide proof that the motion was properly mailed to defendants), *adopted by* 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019).

A.  Local Civil Rule 55.2(c)

Local Civil Rule 55.2(c) requires that all motion papers "be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(c). In this respect, Local Rule 55.2(c) supplements the default judgment procedure set forth by Federal Rule of Civil Procedure 55(b). *See Transatlantic Auto Group, Inc. v. Unitrans-Pra Co.*, No. 09-CV-5070 (DLI) (CLP), 2011 WL 4543877, at *20 (E.D.N.Y. Sept 9, 2011) ("experience has shown that mailing notice of such an application is conducive both to fairness and efficiency"), *adopted by* 2011 WL 4543838 (Sept. 29, 2011); *see also* Committee Note, Loc. Civ. R. 55.2 (same). Rule 55.2(c) further requires that proof of mailings be provided to the Court. *See* Loc. Civ. R. 55.2(c).

B.  Plaintiff's Motion Contains Multiple Procedural Deficiencies

The Motion fails to comply with Rule 55.2(c) in three ways: (i) Plaintiff failed to mail the Motion to defendant Legacy's last known business address; (ii) Plaintiff failed to mail the Motion to defendant Neal's last known residence; and (iii) Plaintiff failed to provide sufficient proof that all Motion papers were mailed to the Defaulting Defendants. The Court addresses each of these in turn.

1.  <u>Failure to Mail to Corporate Defendant's Last Known Business Address</u>

First, Plaintiff failed to mail the Motion to the last known business address of defendant Legacy, a limited liability company. (ECF No. 43-8 ("Aff. of Service of Default J."). Instead, Plaintiff mailed Motion papers to Legacy via the New York Secretary of State. (*Id.*). While mailing to the Secretary of State may be a sufficient method for service of process on Legacy, it is not a sufficient method for service of a motion for default judgment. *See* LOC. CIV. R. 55.2(c). Rather, Rule 55.2(c) specifically mandates that motion papers be mailed to a corporate defendant's "last known business address." *Id.* Notably, Plaintiff appears to be aware of at least two possible business addresses for Legacy, which are detailed in public records accompanying the Motion. *See* ECF No. 43-3 (listing Legacy's address as 7913 Third Avenue, Brooklyn, New York, United States, 11290); ECF No. 43-4 (listing Legacy's address as 77 Spruce Street, Suite 206, Cedarhurst, New York 11516). Thus, because Plaintiff has failed to mail the motion papers to Legacy's last known business addresses, the Motion does not comply with Local Rule 55.2(c).

2.  <u>Failure to Mail to an Individual Defendant's Last Known Residence</u>

Second, Plaintiff failed to mail the Motion to the last known residence of defendant Neal, an individual. Instead, the Motion papers were mailed to Neal at 137-32 Jamaica Avenue, 2nd Floor, Jamaica, New York 11435 (Aff. of Service of Default J.), his business address.[1] While mailing to an individual's business address may be an acceptable method for service of process on Neal, it is not a permitted method for serving a default judgment motion. Rather, Rule 55.2(c) requires that

---

[1] The Court may take judicial notice of Neal's attorney registration with the New York State Unified Court System, which indicates that Neal's business address is 137-32 Jamaica Avenue, 2nd Floor, Jamaica, New York 11435. *See Sanders v. Sanders*, No. 22-29, 2022 WL 16984681, at *1 (2d Cir. 2022) (quoting Fed. R. Evid. 201) (the Court "'may judicially notice a fact that is not subject to reasonable dispute because it' either is 'generally known within the trial courts territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned'"); *Entral Grp. Int'l., LLC v. Sun Sports Bar*, No. 05-CV-4836 (CBA) (MBG), 2005 WL 8159735, at *3 (E.D.N.Y. Nov. 22, 2005) (taking judicial notice of filings with the New York Secretary of State); *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of public filings with the SEC), *adopted by* 2006 WL 8439285 (Apr. 26, 2006).

4

a motion for default judgment and accompanying papers be served on an individual defendant at "the last known *residence* of such party." Loc. Civ. R. 55.2(c) (emphasis added); *see also Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, at *3 (E.D.N.Y Feb. 21, 2019) ("While service of the Complaint at a business address is sufficient for an individual defendant, when the plaintiff seeks default against that individual, the motion for default judgment must be served at the person's last known residence."), *adopted by* 2019 WL 1172381 (Mar. 13, 2019) . Thus, because Plaintiff has failed to mail the motion papers to Neal's last known residence, the Motion does not comply with Local Rule 55.2(c).

### 3.  Failure to Provide Sufficient Proof that All Motion Papers Were Mailed

Third, Plaintiff violated Rule 55.2(c) by failing to provide sufficient proof to the Court that all Motion papers were mailed to the Defaulting Defendants. Rule 55.2(c) requires *all* papers supporting the default judgment motion are mailed to defendants, and that proof of such mailings is provided to the Court. *See* Loc. Civ. R. 55.2(c) ("Unless otherwise ordered by the Court, all papers submitted … shall simultaneously be mailed… Proof of mailing shall be filed with the Court."). Plaintiff has provided affidavits of service showing that the Notice of Motion, Affidavit in Support, and Memorandum of Law were mailed to the Defaulting Defendants. (Aff. of Service of Default J.). However, the affidavits of service do not expressly state that Exhibits A through E to the Affidavit in Support were included in the mailings. (*See id.*). These exhibits include a Department of State record containing Legacy's business information (ECF No. 43-2), a UCC filing statement regarding the Premises (ECF No. 43-3), the proposed form of default judgment (ECF No. 43-4), and invoices describing costs and attorneys' fees (ECF Nos. 43-5–43-6). Absent explicit reference to the exhibits in the affidavits of service, the Court cannot be certain that the exhibits were included in the mailings. *See U.S. v. John*, No. 18-CV-5045 (ENV) (VMS), 2020

WL 4915371, at *5 (E.D.N.Y. Aug. 21, 2020) (finding that a certificate of service failing to reference supporting exhibits was "ambiguous at best as to which documents were actually mailed"). Thus, because Plaintiff has provided insufficient proof that all Motion papers were mailed to the Defaulting Defendants, the Motion has failed to comply with Rule 55.2(c).

C.   Plaintiff's Failure to Comply with Local Rule 55.2(c) Warrants Denial of the Motion

Adherence to the local rules is significant as "it is important that individuals be given notice that a party is asking the Court to enter a default judgment against them. The Eastern District has determined that the best way to ensure such notice is provided is to require that a motion be served." *Miss-Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019), *adopted by* 2019 WL 955279 (Feb. 26, 2019). The Court must be certain that defaulting defendants have received notice of the motion. *See Reyes-Fana v. Moca Grocery N.Y. Corp.*, No. 21-CV-4493 (AMD) (RER), 2022 WL 5428688, at *4 (E.D.N.Y Aug. 16, 2022) ("as there is no reason to believe individual defendants have received actual, fair notice of the Motion . . . the Court will not overlook Plaintiff's failure to comply with Local Rule 55.2 (c)"), *adopted by* 2022 WL 4094241 (Sept. 7, 2022); *Allstate Ins. Co.*, 2019 WL 1177854, at *4 ("confusion alone warrants denial of the motion"). This applies with respect to both individual and corporate defendants. *See Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CIV-5624 (ARR) (VMS), 2020 WL 6370178, at *8 (E.D.N.Y. Aug. 11, 2020) ("Generally, failure to show that an individual defendant was mailed the default judgment motion papers at his or her last known residence warrants denying the motion against the individual."), *adopted by* WL 5105063 (Aug. 31, 2020); *J&J Sports Productions, Inc. v. Vergara*, No. 19-CV-2382 (FB) (VMS), 2020 WL 1034393, at *5 (E.D.N.Y. Feb. 6, 2020)  (denying the default judgment motion in part for mailing

motion papers to an address that was not confirmed to be an individual defendant's last known residence), *adopted by* 2020 WL 1031756 (Mar. 3, 2020).

Local Rule 55.2(c) is construed strictly, and lack of compliance alone frequently results in denial of the default judgment motion. *See e.g., Diaz v. Rene French Cleaners, Inc.*, No 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *3–4 (E.D.N.Y. Aug. 29, 2022) (denying the motion for default judgment where the motion papers were mailed to an individual's business address, instead of their personal residence), *adopted by* 2022 WL 4662247 (Sept. 30, 2022); *Dixon v. Int'l Unified Workforce*, No. 18-CV-7191 (LDH) (SJB), WL 6140054 (E.D.N.Y. Sept. 1, 2020) (denying motion for default judgment in part because the plaintiff failed to mail motion papers to a defendant's last known business address); *Allstate Ins. Co.*, 2019 WL 1177854, at *3 (E.D.N.Y. Feb 21, 2019) (denying motion for default judgment in part because the plaintiff failed to mail motion papers to a defendant's last known business address); *Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182 (CBA) (VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) (denying the motion for default judgment in part because it was not clear whether motion papers were mailed to a corporate defendant's last known business address"), *adopted by* 2015 WL 7430008 (Nov. 23, 2015).

Plaintiff has not presented any extenuating circumstance that may justify its failure to properly mail the Motion pursuant to Rule 55.2(c). *Cf Guanglei Jiao*, 2020 WL 6370178, at *8 (excusing strict compliance with Local Civil Rule 55.2(c) where the defendants were aware of the relief sought against them"). Here, there is no indication that the Defaulting Defendants have actual notice of the Motion or of the relief sought against them. Plaintiff's Motion may be denied for this reason alone. Further, Plaintiff's failure to indicate that all motion papers were mailed to the Defaulting Defendants provides additional grounds for denial of the Motion. *See Tenemaza v.*

*Eagle Masonry Corp.*, No. 20-CIV-452 (AMD) (VMS), 2021 WL 8317120, at *4 (E.D.N.Y July 22, 2021) ("the absence of proof that all papers submitted to the Court were mailed to Defendants counsels against granting Plaintiff's motion for default judgment").[2] Accordingly, I respectfully recommend the Plaintiff's motion be denied in its entirety for failure to comply with Rule 55.2(c).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Your Honor deny Plaintiff's motion for default judgment, interpleader relief, and attorney's fees. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric Komitee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: May 3, 2023
Brooklyn, NY

---

[2] Notably, in denying Plaintiff's First Motion for Default Judgment on procedural grounds, Your Honor instructed Plaintiff to file a renewed motion, specifically "in a manner that comports with this District's Local Rules *in full*." (ECF No. 42 (emphasis added)).

8